RATNER, APPELLEE, *v.* DAUGHERTY, ADMR., APPELLANT, ET AL.

(No. 78-538—Decided June 20, 1979.)

*Mr. Benjamin B. Sheerer* and *Ms. Paula R. Goodwin,* for appellee.

Mr. *William J. Brown*, attorney general, *Mr. Michael J. Hickey* and *Mr. John F. Livorno*, for appellant.

*Per Curiam.* The Court of Appeals based its decision to overturn the trial court's determination granting summary judgment for appellant entirely on its holding in *Bowman* v. *National Graphics Corp.* (Franklin Co. Ct. of App., Aug. 18, 1977), No. 77AP-173, unreported. Although the Court of Appeals was correct in finding the facts of this cause to be within the purview of its holding in *Bowman*, in view of this court's recent decision in *Bowman* v. *National Graphics Corp.* (1978), 55 Ohio St. 2d 222, reversing the appellate court's interpretation of the law in the aforementioned case, the judgment of the Court of Appeals must be reversed.

In *Bowman*, this court held that job-related injuries resulting from a gradual worsening condition are not compensable under R. C. 4123.01(C).* The record discloses, without dispute, that appellee suffered from a progressively worsening condition of the heart, eventually culminating in the heart attack. As there was no specific incident that appellee could identify as causing his heart attack, appellee, under the authority of *Bowman*, is not entitled to participate in the Workers' Compensation fund.

Accordingly, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

HERBERT, W. BROWN, P. BROWN and MAHONEY, JJ., concur.

CELEBREZZE, C. J., SWEENEY and LOCHER, JJ., concur in the judgment.

MAHONEY, J., of the Ninth Appellate District, sitting for HOLMES, J.

---

*R. C. 4123.01(C) defines a compensable injury as follows:

" 'Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."