VILLAGE, APPELLANT, *v.* GENERAL MOTORS CORPORATION, G.M.A.D., ET AL., APPELLEES.

[Cite as Village *v.* General Motors Corp. (1984), 15 Ohio St. 3d 129.]

130

(No. 84-222—Decided December 31, 1984.)

*Anzellotti, Sperling, Pazol & Elliott Co., L.P.A., Mr. Steven D. Maas, Jaffy, Livorno, Kaufmann & Arnett Co., L.P.A., Mr. Stewart R. Jaffy* and *Mr. Henry A. Arnett,* for appellant.

*Baughman & Associates Co., L.P.A.,* and *Ms. Jo Ann F. Wasil,* for appellee General Motors.

*Jaffy, Livorno, Kaufmann & Arnett Co., L.P.A., Mr. Stewart R. Jaffy* and *Mr. Henry A. Arnett,* urging reversal for *amici curiae* Ohio AFL-CIO and Ohio State UAW-CAP.

*Messrs. Squire, Sanders & Dempsey, Mr. Robert H. Gillespy, Mr.*

*Preston J. Garvin* and *Mr. William J. Wahoff,* urging affirmance for *amicus curiae* Ohio Chamber of Commerce.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. Robin R. Obetz, Mr. Bruce L. Ingram* and *Mr. Phillip A. Li,* urging affirmance for *amicus curiae* Ohio Self-Insurers Association.

*Messrs. Vorys, Sater, Seymour & Pease, Mr. George L. Jenkins* and *Mr. Robert E. Tait,* urging affirmance for *amicus curiae* Ohio Manufacturers' Association.

J. P. CELEBREZZE, J. The question before this court is whether an injury caused by the performance of an employee's job duties, which develops gradually over a period of time, is a compensable injury within the meaning of R.C. 4123.01(C). We feel that the purpose of workers' compensation, as reflected in the statutory language, the legislative history and the judicial history surrounding R.C. 4123.01, is best served by allowing compensation to an employee for such an injury. In so holding, it is necessary to overrule the case of *Bowman* v. *National Graphics Corp.* (1978), 55 Ohio St. 2d 222 [9 O.O.3d 159], as well as any other case which suggests that an injury must be the result of a sudden mishap occurring at a particular time and place to be compensable. *Peavy* v. *Flowers* (1979), 58 Ohio St. 2d 407 [12 O.O.3d 349]; *Ratner* v. *Daugherty* (1979), 58 Ohio St. 2d 410 [12 O.O.3d 351]; *Czarnecki* v. *Jones & Laughlin Steel Corp.* (1979), 58 Ohio St. 2d 413 [12 O.O.3d 353]; *Hearing* v. *Wylie* (1962), 173 Ohio St. 221 [19 O.O.2d 42]; *Davis* v. *Goodyear Tire & Rubber Co.* (1959), 168 Ohio St. 482 [7 O.O.2d 302]; *Dripps* v. *Indus. Comm.* (1956), 165 Ohio St. 407 [60 O.O. 55]; *Artis* v. *Goodyear Tire & Rubber Co.* (1956), 165 Ohio St. 412 [60 O.O. 57]; and *Malone* v. *Indus. Comm.* (1942), 140 Ohio St. 292 [23 O.O. 496], all overruled to the extent inconsistent with this opinion.

The General Assembly created first a voluntary, then a compulsory, system of workers' compensation as a legislative response to the need for a sure and efficient means to compensate employees for a loss in earning potential due to an injury sustained in the course of employment. The cost of such a system was, and still is, properly taxed to the employer as an expense involved in carrying on a business. The present system of workers' compensation has proved eminently more satisfactory to both employers and employees than the common-law system of requiring injured employees to bring personal injury actions against employers.

Though early versions of Ohio's workers' compensation statute set forth no specific characteristics of a compensable injury, subsequent legislative amendments and decisions by this court have attempted to clarify exactly what types of injuries are covered by the statute. R.C. 4123.01(C) now defines as compensable "any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment."

There is no dispute in this case that appellant's back injury was received in the course of, and arose out of, his employment with General

Motors. Sometime over a period of five days, during which time appellant was installing twenty to forty pound batteries, he began having back pain. The medical evidence supports the conclusion that appellant's back injury and accompanying pain are attributable to the bending and lifting he did while installing batteries.

In the past, decisions by this court have required that a compensable injury not only be work-related, but also "accidental." This court's attempts to define the term "accidental" resulted in a tortuous line of cases, the first of which required that the injury be "accidental in character and result," *i.e.*, "unforeseen, unexpected and unusual." *Malone* v. *Indus. Comm.*, *supra*, at 301. Subsequently, this court required that the injury be caused by an external sudden mishap before compensability arose. *Dripps* v. *Indus. Comm.*, *supra*; *Artis* v. *Goodyear Tire & Rubber Co.*, *supra*. Although this definition seemed inconsistent with that in *Malone*, that decision was not explicitly overruled. But later holdings adopted the *Dripps* requirement of a "sudden mishap." See *Davis* v. *Goodyear Tire & Rubber Co.*, *supra*.

In November 1959, in apparent response to these decisions, the General Assembly amended the statutory definition of "injury" to its current form, by adding the phase "whether caused by external accidental means or accidental in character and result * * *." (128 Ohio Laws 743, 745.) Confronted with this change, this court responded by holding that "the General Assembly [by amending R.C. 4123.01(C)] intended to define 'injury' in the terms of the *Malone* rule. * * *" *Hearing* v. *Wylie*, *supra*, at 223. This reasoning culminated in *Bowman* v. *National Graphics Corp.*, *supra*, wherein this court held that a disability which developed gradually over a period of time lacked the essential feature of suddenness, unexpectedness and unforeseeability, and was therefore not compensable.

Upon a review of these cases in light of the legislative history of R.C. 4123.01(C), we conclude that the decisions in *Bowman* and its predecessors were based on the erroneous assumption that an injury, to be compensable, must not only be work-related, but also "accidental." This assumption stemmed at least in part from a misunderstanding of the phrase "whether caused by external accidental means or accidental in character and result." Actually, this wording was added by the General Assembly not for the purpose of creating a requirement of accidental causation, but rather to provide *examples* of compensable injury which incorporate both the *Dripps* and the *Malone* definitions. The phrase was never meant to exclude all other types of work-related injuries, but only to illustrate that neither *Dripps* nor *Malone* was broad enough. Viewed in its proper light, it is clear that under R.C. 4123.01(C), *any* injury received in the course of, and arising out of, the injured employee's employment is compensable.

It follows that a worker, such as appellant, does not lose entitlement to benefits merely because the onset of his work-related injury was gradual, rather than sudden. We believe that the judicial distinction be-

tween gradual and abrupt causation is unjustified. It frustrates the purpose of the Act, which is to compensate workers who are injured as a result of the requirements of their employment. See Section 35, Article II of the Ohio Constitution. It also contravenes the mandate of R.C. 4123.95, which requires that the provisions of the Act be liberally construed in favor of employees and their dependents. Whether the injury was sudden or progressive is irrelevant as long as its cause is related to the injured worker's employment. Thus, we adopt the standards, analysis and cogent rationale contained in the dissent of Justice Sweeney in *Bowman, supra,* at 226-236 (Celebrezze [C. J.] and Locher, J., concurring therein).

We hold, therefore, that an injury which develops gradually over time as the result of the performance of the injured worker's job-related duties is compensable under R.C. 4123.01(C). See *Bowman, supra,* dissent at 236.

Accordingly, we reverse the judgment of the court of appeals.

*Judgment reversed.*

CELEBREZZE, C.J., SWEENEY, LOCHER and C. BROWN, JJ., concur.

C. BROWN, J., concurs separately.

HOLMES, J., concurs in the judgment.

W. BROWN, J., dissents.

CLIFFORD F. BROWN, J., concurring. I concur in every respect in the thorough analysis of the statutory definition of "injury" in R.C. 4123.01(C) as amended in November 1959, and the just result reached which flows therefrom. A few additional observations follow.

This 1959 statutory definition of "injury" presently in effect, when it added the phrase "whether caused by external accidental means or accidental in character and result," cannot be interpreted as setting forth an additional condition precedent for compensation for an injury. *Any* injury received in the course of, and arising out of, the injured employee's employment is compensable irrespective of whether such injuries fall within the *Dripps* or *Malone* rule. *Bowman* v. *National Graphics Corp.* (1978), 55 Ohio St. 2d 222 [9 O.O.3d 159], dissent at 233. The significant factor in this definition is that the injury be work-related; and it matters not how the injury occurred nor how long it took to develop.

Thus, twenty-five years after the 1959 amendment of R.C. 4123.01(C) defining "injury" and six long years after the unjust result reached in *Bowman, supra,* in 1978, we finally have attained equal justice for workers' compensation claimants for gradually developing injuries arising out of their employment.

The injustice to claimants which we have eliminated today was created

by the series of cases decided by this court from *Malone* v. *Indus. Comm.* (1942), 140 Ohio St. 292 [23 O.O. 496], to *Dripps* v. *Indus. Comm.* (1956), 165 Ohio St. 407 [60 O.O. 55], and their progeny, which we are expressly overruling today. These cases contain flawed analyses in reaching their unjust results, primarily by indulging in judicial legislation which added some type of "accidental" cause requirement for compensability of the injury incident in construing the 1937 amendment of the predecessor to R.C. 4123.01(C). This amendment, from 1937 to 1959, provided as follows:

"The term 'injury' as used in this section and in the workmen's compensation act shall include any injury received in the course of, and arising out of, the injured employee's employment." (117 Ohio Laws 109, 110.)

There was nothing in the 1937 definition of "injury" to justify the discussion of "external accidental means" or "accidental in character and result" in the many decisions of this court from *Malone* to *Dripps, supra.* Nor did the 1959 amendment, by adding the phrases "external accidental means" and "accidental in character and result," lend credence to those decisions.

HOLMES, J., concurring in the judgment. While I agree with the conclusion adopted by the majority herein as it relates to the facts of this case, I am unable to adopt what I perceive to be the breadth of the syllabus law presented by the majority. It is my position that an injury which gradually develops may qualify under R.C. 4123.01(C) only if such injury is found to have developed over a discernible period of time within which the employee is performing his job-related duties.

When confronted with this issue, most jurisdictions hold that the accidental nature of the injury is not defeated by the fact that the injury is caused by the gradual and cumulative effect of working conditions. See, generally, Prosser & Keeton, Law of Torts (5 Ed. 1984) 575, Section 80. These jurisdictions recognize that as long as the injury is work-related and unexpected, it falls within the term "accidental" under their respective compensation statutes. See 1B Larson, Law of Workmen's Compensation (1982) 7-277 to 7-304, Section 39.10; Note, Workmen's Compensation: The Cumulative Injury Doctrine (1979), 81 W.Va. L. Rev. 435. It is the claimant's particular susceptibility to the continual working condition which is compensable.

Under the "sudden mishap" test as previously recognized by this court, the determinative factor was the ability of the employee to isolate a specific event upon which to rest his claim. The practical result of this distinction was to preclude recovery in those instances where the employee could not point to an isolated, traumatic external event as the cause of his disability. In the area of injuries occasioned over a period of time while acting in the course of his employment, the burden was insurmountable in most cases for the employee as there was not a sudden occurrence but, rather, a continual degenerative condition.

An accidental injury need not result suddenly from the immediate application of external force. It has been my position that injuries may be accidental although the definite time of their beginning is not precisely determined.[1] The onset of disability may be somewhat gradual and progressive, and the ultimate injury may result from the cumulative impact of activities occurring in employment which operate on the employee's body or a particular physical weakness. However, the rule has its limits. The accrual of the disability must relate to a discernible time which is reasonably definite and not remote.

It is the time factor relative to the physical condition which is crucial. The court's duty will be to distinguish between a gradual work-related condition and one that is the consequence of natural aging. It will be the claimant's burden to establish, by way of expert testimony, that his injury was caused by a working condition within a definite time span.

It is conceded by this writer that many difficult questions will be presented in the application of this principle. One perplexing area for future litigation will certainly be that of heart-related cases. There, the essence of the problem is causation, which must be broken down into legal causation as well as medical causation. *Coday* v. *Willamette Tug & Barge Co.* (1968), 250 Ore. 39, 47, 440 P. 2d 224. This distinction is set forth by Professor Larson as follows:

"Under the legal test, the law must define what kind of exertion satisfies the test of 'arising out of the employment.'

"Under the medical test, the doctors must say whether the exertion (having been held legally sufficient to support compensation) in fact caused this collapse." Larson, *supra,* at 7-235, Section 38.83.

A heart attack brought on by a sudden and dramatic stimulus, such as a severe muscular strain, is clearly compensable under our statute. However, closer questions are involved when the employment contribution is a more protracted burden such as worry, frustration, overwork, anxiety, and other stressful conditions. In this situation, medical testimony can never be certain that the heart failure or cerebral hemorrhage was entirely due to the employee's working environment. Thus, the factual issue of causal relationship is generally for the medical experts and the triers of fact.

In addition, the claimant or his representative has a more difficult burden of proof in this type of case. That person must initially present substantial evidence that the resultant heart attack arose from conditions in the course of employment. See 1A Larson, *supra,* at 5-375 to 5-381, Section 29.22, and cases cited therein. Further medical testimony must establish a causal connection between the employee's heart failure and the unusual strenuous exertion, either physical or emotional, due to his oc-

---

[1] I was a member of the Tenth Appellate District which was reversed in *Bowman* v. *National Graphics Corp.* (1978), 55 Ohio St. 2d 222 [9 O.O.3d 159].

cupation. *New Hampshire Supply Co., Inc.* v. *Steinberg* (1979), 119 N.H. 223, 400 A. 2d 1163; *City and County of Denver* v. *Indus. Comm.* (1978), 195 Colo. 431, 579 P. 2d 80; *Wirth* v. *Indus. Comm.* (1974), 57 Ill. 2d 475, 312 N.E. 2d 593; *Mississippi Research & Dev. Center* v. *Shults* (Miss. 1973), 287 So. 2d 273; see, generally, Larson, *supra,* at 7-199 to 7-222, Section 38.65, and cases cited therein. Finally, the unusual strenuous exertion must be fixed in a definite time period.

In the present case, there is no question that the injury was occasioned in the course of the claimant's employment. In addition, the time element is readily ascertainable in that the injuries were sustained within a five-day period. Therefore, appellant is entitled to compensation under R.C. 4123.01(C).

In the foregoing I have attempted to alleviate some of the practical problems which will arise due to our recognition that a gradual injury is compensable under this state's workers' compensation law. In my view, analysis must proceed on a case-by-case basis, leaving discretion in the trier of the fact to determine whether the gradual condition was work-related or the product of aging.

WILLIAM B. BROWN, J., dissenting. Because I continue to believe in the validity of the holdings and rationales of *Bowman* v. *National Graphics Corp.* (1978), 55 Ohio St. 2d 222 [9 O.O.3d 159], and *Czarnecki* v. *Jones & Laughlin Steel Corp.* (1979), 58 Ohio St. 2d 413 [12 O.O.3d 353], I respectfully dissent.