**MILLER, Appellant,**

v.

**EMERY OIL COMPANY et al., Appellees.**

[Cite as *Miller v. Emery Oil Co.* (1992), 80 Ohio App.3d 693.]

Court of Appeals of Ohio,
Clermont County.

No. CA91–12–104.

Decided July 13, 1992.

*Young, Reverman & Napier Co., L.P.A., Martin M. Young* and *Stephen S. Mazzei,* for appellant.

*Dinsmore & Shohl, Joan Verchot* and *Christopher A. Benintendi,* for appellee, Emery Oil Company.

*Lee Fisher,* Attorney General, and *William D. Haders,* Assistant Attorney General, for appellees, Bureau of Workers' Compensation and the Industrial Commission of Ohio.

JONES, Presiding Judge.

Appellant, Betty L. Miller, appeals a summary judgment granted to appellees, Emery Oil Company, the Ohio Bureau of Workers' Compensation, and the Industrial Commission of Ohio, in appellant's action to recover workers' compensation benefits.

Prior to November 1988, appellant had been employed by Emery Oil for approximately eighteen years, the last ten years of which she was continually employed as a bookkeeper/secretary. Part of appellant's job duties required her to routinely and repeatedly fill out multi-page carbonless documents.

In July 1988, appellant developed pain and stiffness in her right wrist, which was eventually diagnosed as rheumatoid arthritis. Appellant filed a claim for workers' compensation, claiming the arthritis was caused by her job

duties. Appellant's claim was disallowed and her administrative appeals were rejected.

Appellant appealed the denial of her claim to the Clermont County Court of Common Pleas pursuant to R.C. 4123.519. After Emery Oil initially filed a motion to dismiss, all parties filed motions for summary judgment. The motions were argued to the court, which subsequently filed an entry granting summary judgment to appellees and denying appellant's motion for summary judgment. In a timely appeal, appellant submits two assignments of error which claim that the trial court erred in granting summary judgment to appellees and in denying summary judgment to her.

■ The issue to be decided in this appeal is whether the trial court erred in holding that there was no genuine issue of material fact as to whether appellant was entitled to compensation for suffering a work-related aggravation of a pre-existing condition. Every employee who is injured or contracts an occupational disease within the scope of his or her employment is entitled to compensation or benefits as provided in the Revised Code. R.C. 4123.54.

■ "Occupational diseases" is defined in R.C. 4123.68. In order for a claimant to receive benefits for an occupational disease not listed in R.C. 4123.68, such as rheumatoid arthritis, the claimant must show that the disease was contracted in the course of employment, the disease is peculiar to the claimant's employment by the causes and characteristics of its manifestation, or the conditions of the employment result in a hazard which distinguishes the employment from employment in general, and that the employment creates a greater degree of risk in contracting the disease in a manner different from that encountered by the public in general. *State ex rel. Ohio Bell Tel. Co. v. Krise* (1975), 42 Ohio St.2d 247, 71 O.O.2d 226, 327 N.E.2d 756, syllabus; *Job v. Cleveland Dance Ctr.* (1989), 62 Ohio App.3d 678, 685, 577 N.E.2d 396, 401.

■ The evidentiary materials fail to demonstrate a direct causal relationship between appellant's job duties and the development of her condition. In fact, the medical evidence demonstrated that rheumatoid arthritis is a disease with an unknown etiology. In addition, no evidence was produced to show that the disease was peculiar to appellant's employment or that her employment created a risk of contracting rheumatoid arthritis in a greater degree and in a different manner than other types of employment.

■ Turning to the question of whether appellant's condition is a compensable injury, "injury" is defined as any injury " * * * whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." R.C. 4123.01(C). Any injury or disability caused primarily by the natural deteriora-

tion of tissue, an organ, or part of the body is specifically excluded from the statutory definition of "injury." R.C. 4123.01(C)(2).

Appellant relies on *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920, in support of her position that the aggravation of her pre-existing arthritis qualifies as an injury for purposes of R.C. 4123.01(C). In *Schell, supra,* at 3, 548 N.E.2d at 921, the Supreme Court defined "injury" to include "an aggravation of a pre-existing condition." In *Schell,* however, the claimant's pre-existing condition was aggravated by a work-related trauma, *i.e.,* a back injury sustained in a motor vehicle accident. In the case at bar, the aggravation of appellant's rheumatoid arthritis cannot be related to a specific work-related trauma unless appellant's performance of routine secretarial duties could be construed as work-related trauma. However, in the absence of any specific incident of work-related trauma, we find *Schell* distinguishable from the case at bar.

Appellant also relies on *Village v. Gen. Motors Corp.* (1984), 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079, wherein the Supreme Court held that an injury which gradually develops over time as the result of the claimant's performance of work-related duties is compensable. In *Village,* the claimant developed a back strain after working five days as a battery installer. Although there was no specific traumatic incident which caused the injury, the court held that the injury was compensable and its cause was employment related regardless of whether the injury was sudden or progressive.

In the case at bar, appellant has been unable to demonstrate an issue of fact as to whether her arthritis was either caused or aggravated over an ascertainable period of time. Quite simply, the evidence does not show that appellant's arthritis resulted from a sudden injury or a progressive work-related trauma. Unlike the claimant in *Village,* there is nothing in the evidentiary materials to show that appellant's condition was either caused or aggravated over the course of one day, her ten years as a secretary, or her eighteen total years of employment at Emery Oil.

In conclusion, the evidentiary materials do not create an issue of fact with respect to whether appellant's rheumatoid arthritis was either an injury or an occupational disease. Under these circumstances, the trial court was correct in granting summary judgment to appellees and in denying summary judgment to appellant. The assignments of error are overruled.

*Judgment affirmed.*

WALSH, J., concurs.

KOEHLER, J., dissents.

KOEHLER, Judge, dissenting.

It is not necessary for a claimant to have a previous work-related injury or a work-related pre-existing condition to be entitled to participate in the State Insurance Fund.

I would adopt the rationale of *Schell v. Globe Trucking, Inc.* (1990), 48 Ohio St.3d 1, 548 N.E.2d 920. Additionally, Justice Holmes in his concurring opinion in *Village v. Gen. Motors Corp.* (1984), 15 Ohio St.3d 129, 136, 15 OBR 279, 284, 472 N.E.2d 1079, 1084, stated: "[I]n my view analysis must proceed on a case-by-case basis, leaving discretion in the trier of the fact to determine whether the gradual condition was work related or the product of aging."

I believe the trial court committed error in its grant of summary judgment to the defendants-appellees and the cause should properly be remanded for trial.

Accordingly, I dissent.