COMPTON, Appellant,

v.

7-UP BOTTLING CO./BROOKS BEVERAGE MANAGEMENT et al., Appellees.

[Cite as *Compton v. 7-Up Bottling Co./Brooks Beverage Mgt.* (1997), 119 Ohio App.3d 490.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 96APE11–1539.

Decided May 15, 1997.

*Daniel D. Connor Co., L.P.A.,* and *Daniel D. Connor,* for appellant.

*Squire, Sanders & Dempsey, Steven M. Loewengart* and *Michael Soto,* for appellee 7–Up Bottling Co./Brooks Beverage Management.

*Betty D. Montgomery,* Attorney General, and *Dennis Hufstader,* Assistant Attorney General, for appellees Wesley Trimble, Administrator, Bureau of Workers' Compensation and Industrial Commission of Ohio.

JOHN C. YOUNG, Judge.

This matter is before this court upon the appeal of Dorothy A. Compton, appellant, from the October 27, 1996 journal entry of the Franklin County Court of Common Pleas that granted the motion for judgment on the pleadings filed by appellee, 7–Up Bottling Co./Brooks Beverage Management ("7–Up Bottling") and dismissed appellant's complaint with prejudice. Appellant sets forth the following assignment of error on appeal:

"The trial court erred in finding that Plaintiff–Appellant's disability is not compensable as a matter of law and in subsequently granting Defendant–Appellee[']s motion for judgment on the pleadings."

The record indicates that appellant was an employee of 7–Up Bottling during the time period relevant to the within proceeding. According to appellant's complaint, she filed a workers' compensation claim alleging that she had contracted rheumatoid arthritis in the course of and arising out of her employment with 7–Up Bottling. Her claim was ultimately denied and, on April 18, 1994, appellant appealed the administrative denial of her claim to the Franklin County Court of Common Pleas. For purposes of this proceeding, it was undisputed that appellant's arthritis was not caused by her employment. Therefore, as the trial court indicated, the sole issue to be determined is whether appellant sustained a compensable aggravation of a preexisting condition as a result of her employment with 7–Up Bottling. On July 8, 1996, 7–Up Bottling filed a motion for judgment on the pleadings, which was ultimately granted by the trial court, and appellant filed the instant appeal.

Pursuant to Civ.R. 12(C), any party may move for judgment on the pleadings after the pleadings are closed but within such time as not to delay the trial. Civ.R. 12(C) presents only questions of law and the determination of a motion for judgment on the pleadings is restricted solely to the allegations in the pleadings. All material allegations in the complaint, along with all reasonable inferences to be drawn therefrom are to be construed in favor of the nonmoving party. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165–166, 63 O.O.2d 262, 264–265, 297 N.E.2d 113, 116–117. As the court said in *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 664 N.E.2d 931, pursuant to Civ.R. 12(C), dismissal is appropriate where the court "(1) construes the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party as true, and (2) finds beyond doubt, that the plaintiff could prove no set of facts in support of his claim that would entitle him to relief." *Id.* at 570, 664 N.E.2d at 936.

In the present case, appellant's entire claim is that, although she did not contract her rheumatoid arthritis in the course of her employment with 7-Up Bottling, she is entitled to participate in the State Insurance Fund because the aggravation of her preexisting condition is recognizable as a claim pursuant to the exception to *State ex rel. Miller v. Mead Corp.* (1979), 58 Ohio St.2d 405, 12 O.O.3d 348, 390 N.E.2d 1192, as set out in *Brody v. Mihm* (1995), 72 Ohio St.3d 81, 647 N.E.2d 778. The issue in *Miller* was whether a preexisting disease, aggravated while a claimant is in the employ of an employer subject to the Workers' Compensation Act, may be the subject of compensation from the Fund. The Ohio Supreme Court held that it was not. Subsequent to *Miller,* the Ohio Supreme Court recharacterized its definition of an injury to allow a claimant to be compensated for an injury that developed gradually over time as the result of a performance of an injured worker's job-related duties. *Village v. Gen. Motors Corp.* (1984), 15 Ohio St.3d 129, 15 OBR 279, 472 N.E.2d 1079. Prior to the *Village* case, an injury had to be sudden in order to be compensable.

After *Village* was decided, the Supreme Court decided the case of *Oswald v. Connor* (1985), 16 Ohio St.3d 38, 16 OBR 520, 476 N.E.2d 658, wherein the court stated as follows, in the syllabus:

"Under the Workers' Compensation Act, death from a preexisting cause and accelerated by an occupational disease contracted in the course of and arising out of the scope of employment, is compensable where the death is accelerated by a substantial period of time as a direct and proximate result of the occupational disease. [Citations omitted.]"

Later, in reaching its decision in the *Brody* case, the Ohio Supreme Court disagreed with the claimant's argument that *Village* and *Oswald* had effectively overruled *Miller.* The court went on to state in *Brody* as follows:

"The change in the definition of 'injury,' however, does not affect that portion of *Miller* which holds that a pre-existing disease aggravated during employment is not compensable.  * * *" *Id.*, 72 Ohio St.3d at 82, 647 N.E.2d at 780.

The court further explained its holding in *Oswald* as follows:

"In *Oswald*, we held that 'death from a pre-existing cause and accelerated *by an occupational disease* contracted in the course of and arising out of the scope of employment, is compensable * * *.'  (Emphasis added.)  This holding was simply an extension of case law decided prior to *Miller*.  Prior to *Miller*, we had held that death or disability resulting from a pre-existing cause or disease and accelerated *by an injury*, in the course of and arising out of employment is compensable.  *Swanton v. Stringer* (1975), 42 Ohio St.2d 356, 71 O.O.2d 325, 328 N.E.2d 794* * *; *McKee v. Elec. Auto–Lite Co.* (1958), 168 Ohio St. 77, 5 O.O.2d 345, 151 N.E.2d 540* * *.  After *Oswald, claims for aggravation of pre-existing disease are compensable only where the aggravation itself qualifies as a compensable injury or occupational disease.*"  (Emphasis *sic.*)  *Brody* at 83, 647 N.E.2d at 780.

Appellant argues that, in deciding the *Brody* case, the court indicated that if a claimant could make a showing that the workplace exertion or the cumulative workplace exertions were greater than those encountered in ordinary nonemployment life, the claim for wear-and-tear aggravation of a nonoccupational disease would be compensable.  However, appellant's argument mischaracterizes the court's finding in *Brody*.  The court was discussing the fact that certain other jurisdictions hold this type of injury to be compensable.  However, the fact remains that Ohio does not recognize such claims and nothing within the court's decision of *Brody* changes the law.[1]  Therefore, the trial court did not err when it granted the motion of 7–Up Bottling for judgment on the pleadings and appellant's assignment of error is overruled.

Based on the foregoing, appellant's assignment of error is overruled and the judgment of the Franklin County Court of Common Pleas is hereby affirmed.

*Judgment affirmed.*

PETREE and CLOSE, JJ., concur.

---

1. In fact, the Ohio legislature has recently amended the definition of occupational disease in R.C. 4123.01(F) to specifically exclude "a disease or condition that results from aggravation of a pre-existing disease, condition, or disease process[.]"  R.C. 4123.01(F), effective July 22, 1997.