OPINION
{¶ 1} Plaintiff-appellant Robert D. Roberts appeals the June 22, 2004 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendant-appellee Republic Storage Systems, Co.
 STATEMENT OF THE FACTS AND CASE {¶ 2} In 1988, appellant injured his right shoulder while pulling a piece of metal from a machine at his employment. A claim was allowed for sprain and tendonitis of the right shoulder area. Appellant underwent surgery for the injury in 1990. His shoulder again began to bother him approximately five or six years after the surgery. He saw both a chiropractor and a doctor, and informed them he was having right shoulder problems. Neither the doctor, nor the chiropractor made a diagnosis.
 {¶ 3} On May 2, 2001 appellant filed a FROI (First Report of Injury) relative to his right shoulder, as well as his right hand and wrist. The FROI listed the date of injury as April 27, 2001, and stated his "right shoulder has been getting increasingly sore for about two years to the point of now being intense. This is also causing my hand and wrist to fall asleep or become numb. This is also affecting my sleep."
 {¶ 4} At the administrative level, on December 17, 2001, the Staff Hearing Officer determined appellant contracted an occupational disease during the course of his employment, while repetitively lifting steel parts. The Staff Hearing Officer allowed the claim for right carpal tunnel syndrome. The Officer disallowed the claim for right shoulder impingement syndrome, finding there was no medical evidence the condition was directly caused by claimant's work activities, but rather was due to an underlying arthritic condition.
 {¶ 5} On January 11, 2002, the Industrial Commission concurred with the Staff Hearing Officer.
 {¶ 6} Appellant initiated this action seeking a determination his right shoulder condition is compensable as a work related injury under R.C. 4123. Appellee Republic Storage Systems moved for summary judgment based upon the statute of limitations, and alleging appellant's injury is not compensable because it was caused by natural deterioration or aging.
 {¶ 7} The trial court determined the only admissible evidence during the summary judgment proceedings were the admissions contained in the pleadings, including the complaint and the answer of the parties, as well as appellant's testimony in his deposition transcript. The trial court also considered the proceedings at the administrative level.
 {¶ 8} On June 22, 2004, the trial court granted the motion for summary judgment, finding the "injury" occurred at least as early as 1995, well beyond the two year statute of limitations in R.C. 4123.84. The trial court further found appellant failed to produce evidence to support a compensable occupational injury.
 {¶ 9} Appellant now raises the following assignments of error:
 {¶ 10} "I. Did the trial court commit error by applying the wrong statute of limitations to the appellant's claim?
 {¶ 11} "II. Did the trial court commit error by determining that the appellant's medical condition was not a gradually occurring repetitive injury?
 {¶ 12} "III. Did the trial court commit error by finding that there was not a discernable specific time period for development of the appellant's shoulder condition, based upon the undisputed testimony of the appellant that his right shoulder began to bother him in 1995 or 1996 and continued to worsen until the time his workers' compensation claim was made?"
 I, II, III {¶ 13} Appellant's assignments of error raise common and interrelated issues; therefore, we will address the assignments of error together.
 {¶ 14} The trial court granted summary judgment in favor of appellee based upon independent issues. First, the trial court determined appellant's claim was barred by the statute of limitations. Second and independent of its first holding, the trial court determined appellant's medical condition was not a gradually occurring repetitive injury.
 {¶ 15} Specifically, the trial court held:
 {¶ 16} "The testimony cited above, which is Roberts own testimony, establishes that Roberts' "injury" occurred at least as early as 1995-six years prior to Roberts' submission of the FROI, and well beyond the two year period provided in R.C. 4123.84 for filing such claim. As such, this Court finds that Roberts' claim is untimely. See, e.g., Williams v. LTVSteel Company, Inc. (Jan. 26, 1989), Cuy. Ct. Appls. Case No. 54947.
 {¶ 17} "In addition to being time-barred, and based upon the testimony cited above, the Court also finds that Roberts has failed to produce evidence to support a compensable occupational injury. Rather, similar to the plaintiff in Williams, supra, there is no discernable specific time period that can be identified to establish when Roberts' back condition developed and, therefore, his claim must fail for this separate reason."
 {¶ 18} Summary judgment motions are to be resolved in light of the dictates of Civ.R. 56. Said rule was reaffirmed by the Supreme Court of Ohio in State ex rel. Zimmerman v. Tompkins, 75 Ohio St.3d 447, 448,663 N.E.2d 639, 1996-Ohio-211:
 {¶ 19} "Civ.R. 56(C) provides that before summary judgment may be granted, it must be determined that (1) no genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex. rel. Parsons v. Fleming (1994), 68 Ohio St.3d 509, 511,628 N.E.2d 1377, 1379, citing Temple v. Wean United, Inc. (1977),50 Ohio St.2d 317, 327, 4 O.O3d 466, 472, 364 N.E.2d 267, 274."
 {¶ 20} Our standard of review is de novo, and as an appellate court reviewing summary judgment motions, we must stand in the shoes of the trial court and review summary judgments on the same standard and evidence as the trial court. Smiddy v. The Wedding Party, Inc. (1987),30 Ohio St.3d 35, 506 N.E.2d 212.
 {¶ 21} As noted in our statement of the facts, the June 22, 2004 Judgment Entry notes the only evidence before the court to be considered pursuant to Civil Rule 56 are the admissions contained in the pleadings, which include the complaint and answer of the parties, respectively, as well as the testimony of appellant as contained in his deposition transcript. The trial court also considered the FROI and the record of the proceedings of the Industrial Commission of Ohio relative to appellant's subject claim.
 {¶ 22} Upon review, the motion for summary judgment filed in the trial court by appellee alleges appellant's injury is caused by natural deterioration or aging; therefore, not compensable. Appellee relies uponVillage v. General Motors Corp. (1984), 15 Ohio St.3d 129, stating appellant "has not provided documents, opinions, or testimony indicating his "injury" or disability has arisen over a discernable finite period of time. Therefore, as a matter of law, defendant [appellee], pursuant to Rev. Code 4123.01(C)(2), is entitled to judgment as a matter of law." Appellee relies on a 1996 bone scan of appellant's shoulders, a right shoulder x-ray regarding treatment for his prior right shoulder injury which noted "early degenerative arthritis"; and appellant's expert's report of June 17, 2002, in asserting his arguments. However, as noted earlier, the trial court excluded the evidence appellee cited, and indicated its decision was based only on the admissions contained in the pleadings, the FROI, appellant's deposition testimony and the proceedings before the Industrial Commission.
 {¶ 23} Therefore, the only evidence properly considered by us in determining whether to grant summary judgment are those admitted by the trial court for the summary judgment proceedings. Accordingly, there is no medical evidence to rebut appellant's statements and allegations.
 {¶ 24} Appellant's FROI indicates the date of injury/disease is April 27, 2001, and states, "Right shoulder has been getting increasingly sore for about two years to the point now of being intense. This is causing my hand and wrist to fall asleep or become numb. This is also affecting my sleep." Appellant indicates the type of injury/disease and parts of body affected as "extreme pain in rights shoulder, numb right hand and wrist."
 {¶ 25} Appellant testified during his deposition there was no specific injury which caused him to file the FROI. Rather, he said he "got sick of it hurting." It was "keeping him up," and "he just couldn't stand it anymore." He further stated, "It is just a continuation. This is a repetitive injury, certain things aggravate it." He argues the injury was caused by heavy lifting, twisting, hammering, climbing and using wrenches for over 20 years."
 {¶ 26} Appellant's March 5, 2002 complaint states:
 {¶ 27} "Plaintiff/appellant, sustained a physical condition, namely, "carpal tunnel syndrome and right shoulder impingement syndrome" as a result of the injury he sustained on 7/09/2001 while employed by the Defendant/Appellees business in Canton, Stark County, Ohio."
 {¶ 28} On December 17, 2001 Staff Hearing Officer Lynette Eklund found:
 {¶ 29} "The date of diagnosis for right carpal tunnel syndrome is 07/09/2001, the date the EMG confirmed the condition.
 {¶ 30} "It is the finding of the Staff Hearing Officer that the claimant contracted an occupational disease in the course of employment described as follows: claimant developed right wrist problems from repetitive lifting of steel parts.
 {¶ 31} "It is therefore ordered the claim be allowed for: right carpal tunnel syndrome.
 {¶ 32} "It is the order of the Hearing Officer that the claim is disallowed for: right shoulder impingement syndrome, as there is no medical evidence that this condition was directly caused by claimant's work activities, but rather due to an underlying arthritic condition."
 {¶ 33} Appellant initiated this action to challenge the staff hearing officer's conclusion and the Industrial Commission's concurrence therein. Upon review, the evidence relied upon by the trial court in granting summary judgment in favor of appellee, when viewed in a light most favorable to the non-moving appellant, does not indicate appellant's injury or disease was caused by the natural deterioration of tissue or part of the body. We find, pursuant to Civ. R. 56, the trial court's granting summary judgment in favor of appellee on this basis was inappropriate.
 {¶ 34} Further, we find the trial court erred in applying the two-year statute of limitations applicable to occupational injuries, R.C. 4123.84, rather than the statute applicable to occupational disease, R.C. 4123.85.
 {¶ 35} Appellant's FROI does not indicate appellant is classifying his claim as one for occupational injury, rather than occupational disease. Further, the Industrial Commission proceedings do not delineate whether appellant's claim is being administered as an occupational injury or disease. In fact, appellant's claim of right carpel tunnel syndrome was recognized by the staff hearing officer as an occupational disease. Appellant claims a repetitive, gradually increasing problem. We find the trial court erred in applying the two-year statute of limitations in 4123.84. We remand this matter to the trial court to determine whether appellant's claim is time barred by the statute of limitations applicable to occupational disease claims under R.C. 4123.85.
 {¶ 36} Therefore, the June 22, 2004 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendant-appellee Republic Storage Systems, Co. is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion.
Hoffman, J. Gwin, P.J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Stark County Court of Common Pleas is reversed, and the matter remanded to the trial court for further proceedings in accordance with the law and this opinion. Costs assessed to appellant.