{¶ 187} I concur with the analysis and disposition of this case by the majority with the following limitation.
 {¶ 188} I respectfully dissent from the majority's conclusion, with respect to both of the first assignments of error, that appellee established that she was entitled to participate in the workers' compensation fund for aggravation of her pre-existing arthritis.
 {¶ 189} In the case sub judice, appellee sought workers' compensation benefits for aggravation of her pre-existing arthritis. However, claims for aggravation of preexisting disease are compensable only when the aggravation itself qualifies as a compensable injury or occupational disease. See Brody supra at 83.
 {¶ 190} The majority, in its opinion, cites Brody in holding that appellee was entitled to compensation for the aggravation of her arthritis because it was not caused by normal wear and tear. In essence, the majority finds that if a claimant makes a showing that his or her work place exertions were greater than those encountered in ordinary non-employment life, the claim for wear and tear aggravation of non-occupational disease would be compensable. However, the court inBrody did not make such a finding. The court in Brody was discussing the fact that certain other jurisdictions hold that an aggravation of a pre-existing non-occupational disease is compensable if it is caused by work place exertions that are greater than those encountered in ordinary non-employment life. As noted by the court in Compton v. 7-Up BottlingCompany (1997), 119 Ohio App.3d 490, 695 N.E.2d 818, "Appellant argues that, in deciding the Brody case, the court indicated that if a claimant could make a *Page 27 
showing that the workplace exertion or the cumulative workplace exertions were greater than those encountered in ordinary non-employment life, the claim for wear-and-tear aggravation of a non-occupational disease would be compensable. However, appellant's argument mischaracterizes the court's finding in Brody. The court [inBrody] was discussing the fact that certain other jurisdictions hold this type of injury to be compensable. However, the fact remains that Ohio does not recognize such claims and nothing within the court's decision of Brody changes the law." Id. at page 493, Footnote deleted.
 {¶ 191} Based on the foregoing, I would find that the trial court erred in holding that appellee was entitled to participate in the workers' compensation fund for aggravation of her pre-existing arthritis. For such reason, I would sustain the first assignments of error in part.
 Judge Julie A. Edwards *Page 28 
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Tuscarawas County Court of Common Pleas is affirmed. Costs assessed to Appellants.
HON. WILLIAM B. HOFFMAN
HON. JOHN W. WISE
 HON. JULIE A. EDWARDS *Page 1