[Cite as *Wilson Court 2, L.L.C. v. Suarez*, 2020-Ohio-5074.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| WILSON COURT 2, LLC | JUDGES:<br>Hon. John W. Wise, P. J. |
| Plaintiff-Appellee | Hon. Craig R. Baldwin, J.<br>Hon. Earle E. Wise, Jr., J. |
| -vs- | |
| | Case No. 2020 CA 0003 |
| JOSHUA SUAREZ, et al. | |
| Defendants-Appellants | O P I N I O N |

CHARACTER OF PROCEEDING:        Criminal Appeal from the Court of Common
                                                        Pleas, Case No.  2019CV00052

JUDGMENT:                                   Affirmed

DATE OF JUDGMENT ENTRY:       October 26, 2020

APPEARANCES:

For Plaintiff-Appellee                       For Defendants-Appellants

ERIC J. WITTENBERG                     JAMES R. HAVENS
COOK, SLADOJE & WITTENBERG      ADAM M. SCHWARTZ
5131 Post Road, Suite 100              WESLEY W. GILLILAND
Dublin, Ohio  43017                        HAVENS LIMITED
                                                       141 East Town Street
MICHAEL C. COHAN                       Suite 200
ERIC J. WEISS                               Columbus, Ohio  43215
CAVITCH, FAMILO & DURKIN
1300 East Ninth Street, 20th Floor
Cleveland, Ohio  44114

*Wise, John, P. J.*

**{¶1}** Appellants Joshua Suarez, Jasmine Plummer, and Lindsay Bertrand appeal decisions of the Court of Common Pleas, Morrow County, granting judgment in favor of Appellee Wilson Court 2, LLC on Appellants quiet title cause of action and granting the forcible entry and detainer action against them.

## STATEMENT OF THE FACTS AND CASE

**{¶2}** The relevant facts leading to this appeal are as follows.

**{¶3}** On October 23, 2018, Plaintiff-Appellee Wilson Court 2, LLC purchased the subject property located at 7456 County Road 183, Fredericktown, Ohio, 43019, from Joshua Fichtelman for $50,000.00.

**{¶4}** Joshua Fichtelman had previously purchased the subject property on October 20, 2016, for $35,000.00.

**{¶5}** Defendants-Appellants Joshua Suarez, Jasmine Plummer, and Lindsay Bertrand lived with Joshua Fichtelman at the subject property and made improvements from 10/20/2016 to 10/23/2018, when it was sold.

**{¶6}** Defendants-Appellants assert that Joshua Fichtelman made oral representations to them that they would have an ownership interest in the subject property. There was no agreement in writing between Defendants-Appellants and Joshua Fichtelman.

**{¶7}** Defendants-Appellants did not appear in the chain of title for the subject property as having an interest in it prior to the time that Wilson Court 2, LLC purchased it on 10/23/2018.

{¶8}   On December 14, 2018, Plaintiff-Appellee Wilson Court 2, LLC filed a Forcible Entry and Detainer action against Defendants-Appellants, Joshua Suarez, Jasmine Plummer and Lindsey Bertrand in the Morrow County Municipal Court

{¶9}   On December 28, 2018, Defendants-Appellants filed an Answer and Counterclaim, asserting that they have an equitable interest in the subject real estate in their Counterclaim.

{¶10}  On January 28, 2019, by agreement of the parties, the case was transferred to the Morrow County Court of Common Pleas.

{¶11}  Plaintiff-Appellee replied to the Counterclaim and also filed a Motion for Judgment on the Pleadings. Defendants-Appellants timely responded, and a reply was filed.

{¶12}  On May 2, 2019, the trial court granted the judgment in favor of Plaintiff-Appellee on Defendants-Appellants' Counterclaim sounding in quiet title.

{¶13}  Defendants-Appellants then filed a *pro se* Notice of Appeal of the trial court's May 2, 2019, Judgment Entry.

{¶14}  Plaintiff-Appellee filed two different Motions to Dismiss: one on the grounds that the Notice of Appeal was not timely filed, and the other on the grounds that the May 2, 2019, Judgment Entry is not a final, appealable order.

{¶15}  This Court dismissed the appeal as being untimely filed, and the case was remanded to the trial court for the eviction hearing.

{¶16}  Defendants-Appellants retained new counsel, who then filed a motion for summary judgment that sought the same relief as the dismissed Counterclaim.

**{¶17}** On January 31, 2020, after full briefing, the trial court denied said Motion for Summary Judgment, finding that the doctrine of *res judicata* barred the motion, and that even if it did not, Defendants-Appellants were not entitled to an entry of summary judgment in their favor as a matter of law.

**{¶18}** On February 20, 2020, the trial court conducted a hearing on the Forcible Entry and Detainer action. All parties appeared, and after granting a Motion *in Limine* filed by Plaintiff-Appellee to prevent the introduction of testimony regarding any alleged ownership interest in the property by Defendants-Appellants, the trial court found that Plaintiff-Appellee holds the lawful title and right of possession to said property, and found that Defendants-Appellants were wrongfully detaining said property. The trial court then granted the eviction.

**{¶19}** Defendants-Appellants now appeal. The writ of restitution for the premises was stayed when Defendants-Appellants posted a supersedeas bond.

**{¶20}** Defendants-Appellants raise the following two Assignments of Error:

## ASSIGNMENTS OF ERROR

**{¶21}** "I. THE TRIAL COURT IMPROPERLY GRANTED PLAINTIFF SUMMARY JUDGMENT ON DEFENDANTS' QUIET TITLE CLAIM.

**{¶22}** "II. THE TRIAL COURT IMPROPERLY EVICTED THE DEFENDANTS."

### I.

**{¶23}** In their First Assignment of Error, Appellants contend the trial court erred in granting summary judgment in favor of Appellee on Appellants' quiet title claim. We disagree.

**{¶24}** Appellants herein argue that the trial court improperly converted Appellee's Civ.R. 12(C) Motion for Judgment on the Pleadings to a Civ.R. 56(B) Motion for Summary Judgment without prior notice to the parties.

**{¶25}** Upon review, we find that in the first paragraph of its Judgment Entry, the trial court states "[t]his matter comes before the Court on upon [sic] the Motion for Summary Judgment filed by Plaintiff, Wilson Court 2, LLC, on January 16, 2019. The Defendants filed a Memorandum Contra to Defendant's [sic] Motion on January 29, 2019. Plaintiff filed a Reply Memorandum on January 31, 2019. …"

**{¶26}** A review of the record reveals that the motion filed by Plaintiffs-Appellees on January 16, 2019, was a Civ.R. 12(C) Motion for Judgment on the Pleadings as to All Allegations Set Forth in the Defendants' Counterclaim. Likewise, Defendants-Appellants Opposition and Plaintiff-Appellee's Reply Memorandum in Support all reference and address Civ.R. 12(C).

**{¶27}** In paragraphs 14 and 15 of the Judgment Entry, the trial court then goes on to cite Civ.R. 12(C):

14. Civ.R. 12(C) states: "Motion for judgment on the pleadings. After the pleadings are closed but within such time as to not delay the trial, any party may move for judgment on the pleadings."

15. Civ.R. 12(C) motions are specifically for resolving questions of law. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931; *State ex rel. Montgomery v. Purchase Plus Buyer's Group, Inc.* (Apr. 25, 2002), 10th Dist. No. 01AP1073, 2002 WL 723707. In deciding a Civ.R. 12(C) motion, the court "must construe as true

all of the material allegations in the complaint, with all reasonable inferences to be drawn therefrom, in favor of the nonmoving party." *Montgomery* at *2, citing *Whaley v. Franklin Cty. Bd. of Commrs. (2001),* 92 Ohio St.3d 574, 581, 752 N.E.2d 267. A court may grant the motion if it finds beyond doubt that the plaintiff can prove no set of facts in support of the claims that would entitle him or her to relief. *Pontious* at 570, 664 N.E.2d 931; *Montgomery* at *2.

**{¶28}** In paragraph 16, the trial court provides its findings of fact as follows:

16. The Defendants have failed to provide any facts in support of their claim that they have an interest in the subject real estate superior to the right of the Plaintiff. The Defendants have no argument of partial performance or promissory estoppel against the Plaintiff. The Defendant's claim that they had an oral understanding with Joshua Fichtelman that they had an interest in the subject real estate is barred by the Statute of Limitations. The Plaintiff holds marketable title to the subject premises.

**{¶29}** In paragraphs 18 and 19, the trial court then concludes by stating:

18. There are no genuine issues of law or fact in this matter.

19. Summary Judgment pursuant to Civ. Rule 56 for the Plaintiff, Wilson Court 2, LLC, is appropriate in that reasonable minds can come to but one conclusion and that conclusion is adverse to the Defendants.

**{¶30}** As set forth above, it appears that despite the trial court's erroneous reference to the Plaintiff having filed a Motion for Summary Judgment when it was in fact a Civ.R. 12(C) Motion for Judgment on the Pleadings, the trial court then went on to

reference Civ.R. 12(C) and set forth the standard for Civ.R. 12(C). Further, the trial court's Judgment Entry does not reference anything outside of the pleadings was considered in determining the merits of the motion.

{¶31} Pursuant to Civ.R. 61, "no error or defect in any ruling or order * * * is ground for * * * disturbing a judgment or order, unless refusal to take such action appears to the court inconsistent with substantial justice. The court at every stage of the proceeding must disregard any error or defect in the proceeding which does not affect the substantial rights of the parties." *See also* R.C. 2309.59 ("the [reviewing] court shall disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party").

{¶32} "The critical inquiry * * * is whether the trial court's erroneous statement materially prejudiced the appellants." *Fada v. Information Sys. & Networks Corp.*, 98 Ohio App.3d 785, 792 (2d Dist.1994). "When avoidance of the error would not have changed the outcome of the proceedings, then the error neither materially prejudices the complaining party nor affects a substantial right of the complaining party." *Theobald v. Univ. of Cincinnati*, 10th Dist. Franklin No. 02AP–560, 2005–Ohio–1510, ¶ 17, citing *Fada*, *supra*, at 792.

{¶33} As this matter initially arose out of a motion for judgment on the pleadings under Civ.R. 12(C), we must conduct a *de novo* review of all legal issues without deference to the determination of the trial court. A motion for judgment on the pleadings pursuant to Civ.R. 12(C) presents only questions of law. *Compton v. 7-Up Bottling Co./Brooks Beverage Mgt.* (1997), 119 Ohio App.3d 490, 492, 695 N.E.2d 818, 819-820. Determination of a motion for judgment on the pleadings is restricted solely to the

allegations in the pleadings and any writings attached to the complaint. *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165, 297 N.E.2d 113, 116-117. Dismissal is appropriate under Civ.R. 12(C) when, after construing all material allegations in the complaint, along with all reasonable inferences drawn therefrom in favor of the nonmoving party, the court finds that the plaintiff can prove no set of facts in support of its claim that would entitle it to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931, 936. Thus, giving full deference to Appellants, we must review the claims contained in their counterclaim in order to decide whether they were entitled to any relief.

**{¶34}** As stated by the trial court, Defendants-Appellants failed to provide any facts in support of their claim that they have an interest in the subject real estate superior to the right of Plaintiff-Appellee. Appellants averred that their agreement with Joshua Fichtelman was oral. Any oral understanding Appellants may have had with Mr. Fichtelman with regard to an interest in the subject real estate is barred by the Statute of Frauds.

**{¶35}** R.C. §1305.05 states (Statute of Frauds):

No action shall be brought whereby to charge the defendant ... upon a contract or sale of lands, tenements, or hereditaments, or interest in or concerning them, or upon an agreement that is not to be performed within one year from the making thereof; unless the agreement upon which such action is brought, or some memorandum or note thereof, is in writing and signed by the party to be charged therewith or some other person thereunto by him or her lawfully authorized.

**{¶36}** We further find that Appellee holds marketable title to the property.

**{¶37}** R.C. §5301.25 <u>Recording of instruments for conveyance or encumbrance</u> <u>of lands</u>, requires:

> (A) All deeds, land contracts referred to in division (A)(21) of section
> 317.08 of the Revised Code, and instruments of writing properly executed
> for the conveyance or encumbrance of lands, tenements, or hereditaments,
> other than as provided in division (C) of this section and section 5301.23 of
> the Revised Code, shall be recorded in the office of the county recorder of
> the county in which the premises are situated. Until so recorded or filed for
> record, they are fraudulent insofar as they relate to a subsequent bona fide
> purchaser having, at the time of purchase, no knowledge of the existence
> of that former deed, land contract, or instrument.

**{¶38}** Recordation gives constructive notice to all persons dealing with the land of properly recorded instruments in the chain of title. *Option One Mtge. Corp. v. Boyd* (June 15, 2001), Montgomery App. No. 18715, citing *Thames v. Asia's Janitorial Serv., Inc.* (1992), 81 Ohio App.3d 579, 587, 611 N.E.2d 948.

**{¶39}** In *Blackstone v. Moore*, 155 Ohio St.3d 448, 2018-Ohio-4959, 122 N.E.3d 132, the Ohio Supreme Court explained the Marketable Title Act as follows:

> the act provides that a person "who has an unbroken chain of title of
> record to any interest in land for forty years or more, has a marketable
> record title to such interest." R.C. §5301.48. The marketable record title
> "operates to extinguish such interests and claims, existing prior to the
> effective date of the root of title." R.C. §5301.47(A). (A "root of title" is "that

conveyance or other title transaction in the chain of title of a person * * * which was the most recent to be recorded as of a date forty years prior to the time when marketability is being determined." R.C. 5301.47(E).) The act facilitates title transactions, as the record marketable title "shall be taken by any person dealing with the land free and clear of all interests, claims, or charges whatsoever, the existence of which depends upon any act, transaction, event, or omission that occurred prior to the effective date of the root of title." R.C. 5301.50.

Balanced against the desire to facilitate title transactions is the need to protect interests that predate the root of title. To this end, the act provides that the marketable record title is subject to interests inherent in the record chain of title, "provided that a general reference * * * to * * * interests created prior to the root of title shall not be sufficient to preserve them, unless specific identification be made therein of a recorded title transaction which creates such * * * interest." R.C. §5301.49(A).

**{¶40}** *Id.* at ¶¶ 7-8.

**{¶41}** Effective as of 1961, the purpose of the Marketable Title Act is to "simplify and facilitat[e] land title transactions by allowing persons to rely on a record chain of title as described in Section 5301.48 of the Revised Code, subject only to such limitations as appear in, section 5301.49 of the Revised Code." R.C. §5301.55.

**{¶42}** Here, Appellants did not appear in the chain of title for the subject property prior to Appellee's purchase of the property.

**{¶43}** Based on the foregoing, we find Appellee to be a bonafide purchaser who took title free from any equity claims of the Appellants.

**{¶44}** Appellee's motion for judgment on the pleadings is sustained after our *de novo* review of Appellants' counterclaim has established that they have presented no claims which entitle them to relief pursuant to Civ.R. 12(C).

**{¶45}** Appellants' First Assignment of Error is overruled.

**II.**

**{¶46}** In their Second Assignment of Error, Appellants argue the trial court erred in evicting them. We disagree.

**{¶47}** Initially, we note that Appellants have failed to provide this Court with a transcript of the forcible entry and detainer hearing held on February 20, 2020. When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings and affirm. *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 384 (1980).

**{¶48}** Upon review of the trial court's Journal Entry, the trial court heard testimony from the purchaser of the property, Jim Velio, owner of Wilson Court 2, LLC, who testified that he purchased the property from Joshua Fichtelman, that he performed a title search on the property prior to purchase, that he did not go to the property until after the purchase, and that he provided Defendants-Appellants with a 30-day notice to leave the property. Mr. Velio also introduced the Deeds to the property showing the transfer of property to Joshua Fichtelman and then to Wilson Court 2, LLC.

**{¶49}** The trial court also stated that Joshua Suarez testified that he occupied the premises, but that he did not pay rent to Plaintiff-Appellee.

**{¶50}** The trial court found that Wilson Court 2, LLC/Jim Velio holds lawful title and right to possession of the subject property, and that Appellants are in wrongful detention of the property. The trial court ordered that a writ of possession be ordered to place Appellee in possession of the real property.

**{¶51}** Based on our determination of Appellants' First Assignment of Error and the trial court's findings in its Journal Entry following the eviction hearing, we must presume the regularity of the proceedings and affirm the trial court's decision. *Knapp, supra.*

**{¶52}** Appellants' Second Assignment of Error is therefore overruled.

**{¶53}** For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Morrow County, Ohio, is hereby affirmed.

By: Wise, John, P. J.

Baldwin, J., and

Wise, Earle, J., concur.

JWW/kw 10/20