JOURNAL ENTRY AND OPINION
{¶ 1} The appellant, Rosemary Jones, appeals the decision of the trial court, which denied her amended claim for benefits under Workers' Compensation.
 {¶ 2} Appellant suffered a work-related injury on or about June 23, 1989. She filed a Workers' Compensation claim, which was allowed for lower back sprain and herniated disc at the L4-5 level. On April 11, 2001, appellant filed a motion to amend her claim to include the psychiatric condition of dysthymia,[1]
alleging that the condition had arisen out of her original back injury. The new claim was denied by the Industrial Commission and the case was appealed, pursuant to R.C. 4123.512. Her case was eventually tried to the bench in the common pleas court. Medical records and testimony from several medical experts were admitted into evidence, as was the testimony of the appellant. The trial court found that the appellant had a number of extensive medical conditions that both preceded and post-dated her 1989 work injury, and that the medical experts who testified could not make a probable causal connection between the appellant's diagnosis of dysthymia and her work-related back injury; therefore, her claim for dysthymia was not allowable.
 {¶ 3} Appellant presents two assignments of error for our review.
"I. The trial court committed prejudicial error in its failure to apply the `dual causation' doctrine."
"II. The trial court's judgment is contrary to law, unsupported by the evidence (sic)."
 {¶ 4} A claimant's right to appeal a decision concerning workers' compensation benefits is conferred only by statute, R.C.4123.512. Felty v. ATT Technologies, Inc. (1992),65 Ohio St.3d 234, 237. The Ohio Supreme Court has narrowly interpreted R.C. 4123.512 to allow a party to appeal to the court of common pleas only a decision involving a claimant's right to participate or to continue to participate in the Workers' Compensation Fund.Thomas v. Conrad (1998), 81 Ohio St.3d 475, 477,692 N.E.2d 205. "Any issue other than whether the injury, disease, or death resulted from employment does not constitute a right-to-participate issue." State ex rel. Liposchak v. Indus.Comm. (2000), 90 Ohio St.3d 276, 280. Workers' compensation statutes must be liberally construed in favor of the employee. R.C. 4123.95; MTD Products, Inc. v. Robatin (1991),61 Ohio St.3d 66, 68. However, an appellate court, upon review of the judgment of a trial court following a bench trial, should be "guided by a presumption" that the fact-finder's findings are correct. Seasons Coal Co. v. Cleveland (1984),10 Ohio St.3d 77, 79-80. In addition, an appellate court" should not substitute its judgment for that of the trial court when there exists * * * competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge."Seasons Coal Co., 10 Ohio St.3d at 80. Thus, this court will not reverse the trial court's judgment unless it is against the manifest weight of the evidence. Id.; see, also, App.R. 12(C).
 {¶ 5} To establish a right to workers' compensation benefits for harm arising from an industrial accident, the claimant must show by a preponderance of the evidence that a direct and proximate causal relationship exists between the accident and the harm. Zavasnik v. Lyons Transp. Lines., Inc. (1996),115 Ohio App.3d 374, 377; see, also, Murphy v. Carrollton Mfg. Co.
(1991), 61 Ohio St.3d 585, 587. The definition of and principles that govern the determination of proximate cause in the field of torts are equally applicable in workers' compensation cases.Oswald v. Connor (1985), 16 Ohio St.3d 38, 42, citing Aiken v.Indus. Comm. (1944), 143 Ohio St. 113. "The proximate cause of an event is that which in a natural and continuous sequence, unbroken by any new, independent cause, produces that event and without which that event would not have occurred." Aiken,143 Ohio St. at 117.
 {¶ 6} R.C. 4123.01(C) states in pertinent part:
 {¶ 7} "`Injury' includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment. `Injury' does not include:
 {¶ 8} "(1) Psychiatric conditions except where the conditions have arisen from an injury or occupational disease * * *"
 {¶ 9} Appellant alleges in the instant case that the dysthymic condition for which she is seeking benefits arose from her original back injury. A "flow through" injury is one that subsequently develops in a body part not included in the original claim filed by the claimant under R.C. 4123.84(A)(1). Dent v.ATT Technologies, Inc. (1988), 38 Ohio St.3d 187. In order to receive benefits for flow through injuries, a claimant must establish that the previously allowed injury was the proximate cause of the new injury. See Fox v. Indus. Comm. (1955),162 Ohio St. 569, paragraph one of the syllabus. It is a well-established principle of tort law that an injury may have more than one proximate cause. Murphy v. Carrollton Mfg. Co.,
supra. "`In Ohio, when two factors combine to produce damage or illness, each is a proximate cause.' Norris v. Babcock WilcoxCo. (1988), 48 Ohio App.3d 66, 67." Id. at 587. If expert testimony is required to establish proximate cause, it must establish a probability and not mere possibility of the causal connection. Mokros v. Conrad (Oct. 29, 1999), Monroe App. No. 802, citing Zavasnik, 115 Ohio App.3d at 377. A plaintiff must produce sufficient medical evidence to permit reasonable minds to conclude that there was more than one proximate cause of a condition before an instruction on dual causation is required.Murphy, supra, at syllabus.
 {¶ 10} Appellant alleges that the trial court erred in failing to consider this "dual causation" doctrine with regard to her alleged mental condition. We disagree. The trial court found that the appellant "has not shown by a preponderance of the evidence that her dysthymia was caused by or arose from her 1989 work injury." Contrary to appellant's assertion that the trial court failed to take into account multiple possible causations, the trial court actually found that the appellant's mental condition was not related at all to her original work injury. While there may be several proximate causes for the dysthymia, in order for appellant to recover under the Workers' Compensation Act, at least one of those proximate causes must be the original work injury. Appellant's dysthymia, therefore, was not considered a "flow through" injury by the trial court.
 {¶ 11} Based on our review of the evidence presented, we find no error in this conclusion. The court heard arguments from counsel for both parties regarding the applicability of the dual causation doctrine. Both medical experts who testified agreed that the appellant indeed suffered from dysthymic disorder, a disorder characterized by "depressive symptoms combined with anxiety problems." (Rizk Depo, 14.) The experts differed, however, in whether the back injury was a proximate cause of the dysthymia. Appellant's expert, psychologist Dr. James Medling, testified that the dysthymia "probably had its origins in the 1989 work injury" (Medling Depo, 32), but he was unable to conclusively determine what caused the dysthymic condition, and he did not offer any medical evidence that it had more than one proximate cause. He testified that he only saw the appellant one time for approximately one hour, that he did not review any of her medical records prior to evaluating her, that she suffered from "adjustment disorder with anxiety" prior to the back injury, and that she had several other diagnosed physical conditions, unrelated to her back injury, which could cause pain and limit her functioning. (Medling Depo, 41-58.)
 {¶ 12} Expert testimony on behalf of the appellee was given by board certified forensic psychiatrist, Dr. Magdi Rizk. Dr. Rizk evaluated the appellant, also for approximately one hour, and he reviewed her patient file from the Cleveland Clinic as well as reports from numerous treating physicians. (Rizk Depo, 9.) Dr. Rizk reported discrepancies between the appellant's statements during her interview with him and the documentation in the medical records, including appellant's statement that she had no pre-existing mental health issues prior to the 1989 work injury. (Rizk Depo, 11.) Finally, Dr. Rizk testified that because the depressive symptoms preceded the allowed work injury, the injury could not be said to have caused the dysthymia. (Rizk Depo, 18.) The fact that the appellant held a job during some of the time she claimed to have dysthymia is insignificant; a person suffering with dysthymic disorder is not necessarily unable to work or function. (Rizk Depo, 41.) Thus, the medical experts who testified were unable to establish a causal link between appellant's depression and her back injury in any conclusive fashion.
 {¶ 13} The appellant also testified at trial. She admitted she had almost 60 different diagnoses in her patient record at the Cleveland Clinic. (Tr. 36.) She also stated that she had suffered at least one episode of anxiety in 1989 and was prescribed Prozac (which she never took) in 1990. (Tr. 31, 32.) Further, she was diagnosed in 1989 with fibromyalgia, which symptoms include "continuous pain." (Tr. 37.) Appellant also suffers from rheumatoid arthritis, polymyalgia, rheumatica, arthritis, degenerative joint disease and a heart arrhythmia. (Tr. 38-39.) Appellant also testified to numerous personal problems within her family which caused her a great deal of stress and anxiety. (Tr. 33, 41, 42.)
 {¶ 14} We agree with the trial court's finding that Dr. Medling's assessment was made without the benefit of a complete medical history, including the voluminous medical file which Dr. Rizk reviewed prior to making his finding; thus it was less reliable than the expert opinion expressed by Dr. Rizk. We also find that, pursuant to the evidence presented, appellant was unable to make anything other than a possible causal link between her depression and her back injury. There exists competent, credible evidence in the record supporting the trial court's determination that the appellant's work injury is not a proximate cause of her depression. Further, we find that appellant failed to present sufficient medical evidence to require any consideration of the dual causation doctrine by the trial court. Appellant's first assignment of error is overruled.
 {¶ 15} Because we find that there exists competent, credible evidence to support the trial court's ruling, as discussed above, appellant's second assignment of error is overruled.
 {¶ 16} The judgment is affirmed.
Judgment affirmed.
James J. Sweeney and Colleen Conway Cooney, JJ., concur.
It is ordered that appellees recover of appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] Dysthymia is characterized as an overwhelming and chronic state of depression. Diagnostic and Statistical Manual MentalDisorders (4th Ed. 1994).