JOURNAL ENTRY and OPINION
{¶ 1} Plaintiff-appellant Naomi Harris ("Harris") appeals from the decision of the Cuyahoga County Court of Common Pleas that denied her request to participate in the Ohio Workers' Compensation Fund ("fund"). For the reasons stated below, we reverse.
 {¶ 2} Beginning in 1992, Harris was employed as a bindery helper with her then employer, defendant-appellee Custom Graphics, Inc. ("CGI"). At the time of her injury, her job duties required that she repetitively bend down to lift boxes of finished products to prepare them for shipping. The boxes ranged in weight from 30 to 80 pounds. Harris claims that from approximately June 2000 through September 2000 she experienced low back pain which worsened over time. The pain was first noticed in her left foot but gradually radiated up her left leg into her lower back. On September 23, 2000, Harris left work because of the pain in her leg and hip.[1]
 {¶ 3} On September 25, 2000, Harris consulted with her family physician, Lovette Phillips, M.D. ("Phillips"), who found Harris to be experiencing left hip pain and spasms that radiated from her left leg down to her foot. Harris had follow-up visits with Phillips on October 2 and 19, 2000. On March 13, 2003, an MRI was performed that revealed degenerative changes throughout Harris' lumbar spine. The MRI revealed no deficiencies in Harris' pelvis or hips.
 {¶ 4} On February 20, 2001, Harris initiated her workers' compensation claim, which was denied. Harris' appeals were all denied. Pursuant to R.C. 4123.512, Harris filed an appeal to the Cuyahoga County Court of Common Pleas. On January 14, 2004, a bench trial began. The parties stipulated to the admission of Harris' medical records and deposition transcript in lieu of her testimony at trial. Harris' medical expert, Jeffrey S. Morris, M.D. ("Morris"), testified via deposition transcript. Morris opined that the repetitive bending and lifting associated with Harris' employment resulted in the development of a chronic sprain in her lumbar spine. This sprain resulted in an aggravation of Harris' pre-existing lumbar degenerative disc disease.
 {¶ 5} On February 10, 2004, the court issued its opinion and verdict, finding that Harris failed to establish by a preponderance of the evidence that she suffered a work-related injury. Therefore, she was not entitled to participate in the fund.
 {¶ 6} It is from this decision that Harris presents one assignment of error for our review.
 I. {¶ 7} In her sole assignment of error, Harris argues that "the trial court erred, as a matter of law, by granting denying [sic] plaintiff the right to participate in the workers' compensation fund as the trial court's decision was contrary to the manifest weight of the evidence and the workers' compensation statute." We agree.
 {¶ 8} Workers' compensation statutes must be liberally construed in favor of the employee. R.C. 4123.95. However, an appellate court, upon review of the judgment of a trial court following a bench trial, should be guided by a presumption that the fact finder's findings are correct.Seasons Coal Co. v. Cleveland (1984), 10 Ohio St.3d 77, 79-80; Jones v.Medical Mut. of Ohio, Cuyahoga App. No. 82924, 2004-Ohio-746. In addition, an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge. Id. Thus, the appellate court will not reverse the trial court's judgment unless it is against the manifest weight of the evidence. Id. The weight of the evidence and the credibility of witnesses is primarily a function for the trier of the fact. Charles v.Administrator, Bureau of Workers' Compensation (Apr. 3, 1997), Cuyahoga App. No. 71100. In reviewing a bench trial, an appellate court will uphold the trial court's evaluations unless it appears the record is insufficient to support a reasonable person in concluding as the trial judge did. Id.
 {¶ 9} Workers' compensation is provided for disabilities resulting from an "injury." R.C. 4123.01(C) defines "injury" as follows: "Injury includes any injury, whether caused by external accidental means or accidental in character and result, received in the course of, and arising out of, the injured employee's employment." Weaver v. EatonCorp. (May 3, 1990), Cuyahoga App. No. 56897. "An injury which develops gradually over time as the result of the performance of the injured worker's job-related duties is compensable under R.C. 4123.01(C)."Village v. Gen. Motors Corp. (1984), 15 Ohio St.3d 129. Also, an "* * * employer takes an employee as he finds him and assumes the risk of having a weakened condition aggravated by some injury which might not hurt or bother a perfectly normal, healthy person." Hamilton v. Keller (1967),11 Ohio App.2d 121, 127.
 {¶ 10} It is necessary for the claimant to show by a preponderance of the evidence, medical or otherwise, that his injury arose out of and in the scope of his employment and also that his harm or disability was a direct cause of the injury. Bellia v. General Motors Corp. (Oct. 19, 1995), Cuyahoga App. No. 68489. The question of proximate cause of a claimant's injury is ordinarily not of science or legal knowledge, but one of fact for the jury to determine in view of the accompanying circumstances. Id. Proximate cause must be established by the reasonable probability, not the mere possibility of expert medical testimony.Charles, supra. Plaintiff may establish that a causal connection exists by showing that his present medical condition was either an aggravation of a pre-existing condition caused by, or a direct result of, the work related injury. Id.
 {¶ 11} In the case sub judice, Harris relies on Village, supra, in support of her claim of right to participate in the fund. In Village, the appellant's job required that he install 20 to 40 pound batteries inside automobiles. On the fifth day of performing this task, he developed a backache. His back pain worsened the next day to the point where he was unable to get out of bed. The appellant's claim for workers' compensation was originally allowed by the Industrial Commission but was overturned by the jury on appeal. The Ohio Supreme Court found that a worker "does not lose entitlement to benefits merely because the onset of his workrelated injury was gradual, rather than sudden." The court held that an injury can be caused by gradual, repetitive activities in the workplace.
 {¶ 12} Harris claims that she suffered injury due to the repetitive bending and lifting she performed from June 2000 through September 2000. In Village, the court relied upon the fact that "the medical evidence supports the conclusion that appellant's back injury and accompanying pain are attributable to the bending and lifting he did while installing batteries." Similarly in the case sub judice, the medical evidence supports Harris' claims.
 {¶ 13} Harris' medical expert, Morris, testified that "* * * Harris did repetitive work-related bending and lifting, fairly physically demanding work over a number of years and that as a result of that she developed * * * chronic sprain of her lumbar spine." Both parties agree that Harris suffered from degenerative disc disease that was present, in the opinion of Morris, for upwards of ten years. Harris contends that this condition was aggravated by the bending and lifting she performed as part of her employment. Morris agreed, stating: "So, I think the opinion that I'm trying to put forward is that she had an underlying condition that was not known to be symptomatic. I do believe that the repetitive stresses either aggravated the condition by the chronic strain resulting in instability or at least accelerated the onset of symptoms which might have been inevitable at some point as well."
 {¶ 14} While Harris' degenerative disc disease could have become symptomatic due to a number of reasons, including the normal progression of the disease, Morris opined, "I just think that with no prior history of symptoms and fairly physically demanding work that seemed to be causing repetitive strains, it is more likely than not, although I can't tell you a hundred percent, but more likely than not it was either a precipitating fact of the symptoms or at least an accelerating factor for the onset."
 {¶ 15} Construing R.C. 4123.95 liberally in favor of Harris, we find that she is entitled to participate in the fund. Morris' testimony, and the medical records submitted into evidence, support our decision finding Harris should be allowed to participate in the fund.
 {¶ 16} Harris' sole assignment of error is sustained.
 {¶ 17} This cause is reversed and remanded to the lower court for further proceedings consistent with this opinion.
It is, therefore, considered that said appellant recover of said appellees her costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Gallagher, P.J., concurs; Nahra, J.*, dissents with separate dissentingopinion.
*Sitting by Assignment: Judge Joseph J. Nahra, retired, of the Eighth District Court of Appeals.
[1] The record establishes that sometime in 1995, Harris injured her foot at work when she tripped over a skid. Harris then made a claim for workers' compensation. Further, in 1998 or 1999, Harris injured her hip while at work. Harris did not make a claim for workers' compensation due to this injury, though she did inform CGI of the incident.
 DISSENTING OPINION