[Cite as *Szulinski v. Kellison & Co*, 2014-Ohio-111.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

## JOURNAL ENTRY AND OPINION
### Nos. 99672 and 99674

## JEFF SZULINSKI

### PLAINTIFF-APPELLEE

vs.

## KELLISON & CO., ET AL.

### DEFENDANTS-APPELLANTS

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-783626

**BEFORE:** Jones, J., Celebrezze, P.J., and McCormack, J.

**RELEASED AND JOURNALIZED:** January 16, 2014

**ATTORNEYS FOR APPELLANTS**

**For Kellison & Co.**

Patricia F. Weisberg
Jonathan D. Greenberg
1301 East Ninth Street, Suite 3500
Cleveland, Ohio 44114


**For Ohio Bureau of Workers' Compensation**

Mike DeWine
Ohio State Attorney General
30 East Broad Street
Columbus, Ohio 43215

BY:   Timothy X. McGrail
Assistant Attorney General
Workers' Compensation Section, 11th Floor
615 West Superior Avenue
Cleveland, Ohio 44113


**ATTORNEY FOR APPELLEE**

David G. Schmidt
Schmidt Legal Group
614 W. Superior Avenue, Suite 1500
Cleveland, Ohio 44113

LARRY A. JONES, SR., J.:

{¶1} In this consolidated appeal defendants-appellants, Kellison and Company and the Bureau of Worker's Compensation, appeal from the trial court's judgment, rendered after a bench trial, in favor of plaintiff-appellee Jeff Szulinski. For the reasons that follow, we affirm.

## I. Facts

{¶2} In January 2009, Szulinski, an employee at Kellison, slipped and fell on ice as he was exiting the company's building to put a W-2 form in his car. The form had been handed out by a Kellison representative, Sharon Crile. Szulinski left the building through the door designated for employee entrance and exit, and in an area designated for employee use, slipped on ice, fell, and hit his head. Szulinski testified that he was using one of his two break times to put the form in his car for safekeeping.

{¶3} Szulinski was knocked unconscious when he fell, and the coldness from the ice and water on the ground was what woke him up. Upon going back into the building, Szulinski saw Crile and told her that he had been injured. Crile testified that she saw blood coming from Szulinski's head and called 911. II. Procedural History

{¶4} This worker's compensation case began in March 2009 when Szulinski filed a "first report of injury" with the bureau. The injuries for which he sought compensation were "head injury, concussion, and scalp laceration."

{¶5} Szulinski's claim was initially allowed by the district hearing officer for "concussion, open wound of scalp and post-concussion syndrome." Kellison appealed and requested that Szulinski submit to an independent medical examination. Szulinski

submitted; the exam was conducted in June 2009 by Dr. Lisa Kurtz.

{¶6} The staff hearing officer granted Kellison's appeal and disallowed the claim, finding that Szulinski was "performing a personal errand at the time of the fall and so the injury is not compensable" and that the "lot in which he fell was not under the control of the employer." Szulinski appealed, but the industrial commission denied the appeal. He appealed to the common pleas court.

{¶7} The case was tried before the bench. Szulinski testified, and the defense presented the testimony of Sharon Crile, the Kellison employee who interacted with Szulinski after his fall and called 911. Dr. Kurtz did not testify, but her report was admitted into evidence. In her report, Dr. Kurtz opined as follows:

> Mr. Szulinski does suffer from the conditions of concussion, open wound of the scalp and post-concussive syndrome from the slip and fall on 01/23/2009, of which it could be expected he could continue to have symptoms from the post-concussive syndrome upwards to six months following the injury * * *.

{¶8} In finding in favor of Szulinski, the trial court found that his injury was "obvious," and, therefore, that Szulinski had "met his burden of proving that he suffered a compensable injury from his fall within the zone of employment." The court additionally found that Dr. Kurtz's report was admissible as an admission of a party opponent under Evid.R. 801(D)(2) and constituted further evidence of Szulinski's injuries.

{¶9} Kellison and the bureau have raised two assignments of error for our review:

[I.] The trial court abused its discretion and thereby committed reversible error when it admitted Dr. Kurtz['s] report into evidence at trial.

[II.] The trial court erred as a matter of law in allowing plaintiff-appellee to

participate in Ohio Workers' Compensation Fund as plaintiff-appellee failed to present medical testimony to establish that he sustained open wound of scalp, concussion, and post-concussion syndrome during the course and scope of his employment.

### III.    Law and Analysis

**Admission of Dr. Kurtz's Report**

{¶10} For their first assigned error, Kellison and the bureau contend that the trial court abused its discretion by admitting Dr. Kurtz's report into evidence.

{¶11} Appellants are correct that our standard of review for the admission or exclusion of evidence at trial is abuse of discretion.   *Krischbaum v. Dillon*, 58 Ohio St.3d 58, 66, 567 N.E.2d 1291 (1991).   Under this standard, we will not disturb the trial court's decision unless the decision was unreasonable, arbitrary, or unconscionable.   *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶12} Kellison and the bureau contend that the trial court abused its discretion in admitting the report because (1) the admission against interest exception to the hearsay rule upon which the court relied was inapplicable because Dr. Kurtz was an independent witness and (2) it denied them the opportunity to cross-examine Dr. Kurtz on her report because she did not testify at trial.

{¶13} Evid.R. 801(D)(2) provides that a statement is not hearsay if:

The statement is offered against a party and is (a) the party's own statement, in either an individual or a representative capacity, or (b) a statement of which the party has manifested an adoption or belief in its truth, or (c) a statement by a person authorized by the party to make a statement

concerning the subject, or (d) a statement by the party's agent or servant concerning a matter within the scope of the agency or employment, made during the existence of the relationship, or (e) a statement by a co-conspirator of a party during the course and in furtherance of the conspiracy upon independent proof of the conspiracy.

{¶14} We do not find that the trial court abused its discretion in finding that Dr. Kurtz's report was admissible as an admission against the interest of appellants. Kellison requested that Szulinski submit to an independent medical exam, and Dr. Kurtz was the physician chosen by Kellison for Szulinski to see. Thus, Dr. Kurtz's report was a "statement by a person authorized by [Kellison] to make a statement concerning the subject." Evid.R. 801(D)(2)(c).

{¶15} Moreover, at least one other Ohio appellate court has held that a medical report of a non-testifying physician can be admissible in workers' compensation cases as a record kept in the regular course of medical treatment, as a regularly conducted business activity, where it contains relevant and probative evidence.

{¶16} In *Wasinski v. Admr., Bur. of Workers' Comp.*, 3d Dist. Crawford Nos. 3-08-14 and 3-08-16, 2009-Ohio-2615, Wasinski was injured in a motor vehicle accident while on a business trip and sought payment for compensation and benefits. She was treated by several physicians at the Cleveland Clinic. One of her physicians from the Clinic prepared a report, which was admitted into evidence during the trial in common pleas court, but the doctor did not testify at trial.

{¶17} The Third Appellate District found that the trial court did not abuse its discretion in admitting the report. The court stated that the report was a

record kept in the regular course of treatment, in a regularly conducted business activity (i.e.[,] by the Cleveland Clinic), that it contained relevant, probative evidence of Wasinski's medical condition, and there was no question concerning its authenticity.   * * *   [The] report itself falls within a recognized exception to the hearsay rule.   *See* Evid.R. 803(6). Therefore, we find that the trial court did not abuse its discretion by permitting [the doctor's] report to be admitted into evidence and considered by the jury during their deliberations.

*Id.* at ¶ 31-32.

{¶18} In *Smith v. Dillard's Dept. Stores, Inc.*, 8th Dist. Cuyahoga No. 75787, 2000-Ohio-2689, this court compared Evid.R. 803(6) to Fed.R.Evid. 803(6).   It noted that the Ohio evidentiary rule provided for records of acts, events, or conditions contained in reports to be admissible as hearsay exceptions, whereas the rule's federal counterpart provided that records "of an act, event, condition, opinion, or diagnosis" contained in a report could be admissible as hearsay exceptions.   *Id.* at *20-21.   *See* Fed.R.Evid. 803(6).

{¶19} After comparing the state and federal rules, this court noted the following:

Because the federal rule setting forth the hearsay exception regarding records of regularly conducted business activity was adopted, at least in part, to reflect the common law of this state, we cannot say that the omission of the words "opinion" and "diagnoses" in Evid.R. 803(6) reflects an intent to preclude the admissibility of an otherwise qualified medical report or record under that exception merely because the report or record contains out-of-court opinions or diagnoses.

*Smith* at *23-24.

{¶20} This court ultimately held that otherwise admissible medical records could not be excluded under Evid.R. 803(6) solely because they contained an opinion or

diagnosis. *Id.* at *27.[1]

{¶21} Relying on *Wasinski*, *Smith*, and Evid.R. 801(D)(2) and 803(6), we find that the trial court did not abuse its discretion by admitting Dr. Kurtz's report into evidence.

{¶22} Dr. Kurtz was a physician who was either employed by or contracted with the Ohio Specialty Network, L.L.C. for the purpose of conducting independent medical examinations. Upon appealing the district officer's determination allowing Szulinski's appeal, Kellison requested that Szulinski submit to an independent medical examination and selected the Ohio Specialty Network to perform the exam. Dr. Kurtz and the Ohio Specialty Network kept the report in the course of their regularly conducted business activity. The report contained relevant, probative evidence of Szulinski's medical condition, and the appellants stipulated to its authenticity. Further, Dr. Kurtz's report was a "statement by a person authorized by [Kellison] to make a statement concerning the subject." Evid.R. 801(D)(2)(c).

{¶23} Because we find that the report was properly admitted as non-hearsay under Evid.R. 801(D)(2), we also find that its admission did not violate Kellison's or the Bureau's rights to cross-examination. As explained in Wigmore on Evidence, when statements are admitted as an admission of a party-opponent, the party whom they are offered against does not have a right to cross-examination, because that would be akin to the party cross-examining itself. 4 Wigmore, *Evidence*, Section 1048 (1972).

---

[1] *But see Guarino-Wong v. Hosler*, 1st Dist. Hamilton No. C-120453, 2013-Ohio-1625, holding that Evid.R. 803(6) does not allow for opinions and diagnoses found in business records to be admitted into evidence.

**{¶24}** In light of the above, the first assignment of error is overruled.

**Participation in Workers' Compensation Fund**

**{¶25}** R.C. 4123.512 governs workers' compensation appeals to the common pleas court. Under the statute, review of such an appeal is de novo, and the claimant bears the burden of proving his or her right to participate in the workers' compensation fund regardless of an industrial commission decision. *Bennett v. Admr., Ohio Bur. of Workers' Comp.*, 134 Ohio St.3d 329, 2012-Ohio-5639, 982 N.E.2d 666, ¶ 17. Under R.C. 4123.512(D), "[t]he court * * * shall determine the right of the claimant to participate in the fund upon the evidence adduced at the hearing of the action."

**{¶26}** To establish the right to participate in the fund, a claimant must show by a preponderance of the evidence both that the injury arose out of and in the course of employment and that a proximate causal relationship existed between the injury and the harm or disability. *White Motor Corp. v. Moore*, 48 Ohio St.2d 156, 357 N.E.2d 1069 (1976), paragraph one of the syllabus.

**{¶27}** Upon review of the judgment of a trial court following a bench trial, an appellate court should be guided by a presumption that the factfinder's findings are correct. *Seasons Coal Co. v. Cleveland*, 10 Ohio St.3d 77, 79-80, 461 N.E.2d 1273 (1984); *Jones v. Med. Mut. of Ohio*, 8th Dist. Cuyahoga No. 82924, 2004-Ohio-746. In addition, an appellate court should not substitute its judgment for that of the trial court when there exists competent and credible evidence supporting the findings of fact and conclusions of law rendered by the trial judge. *Seasons Coal* at 80. Thus, we will not

reverse the trial court's judgment unless it is against the manifest weight of the evidence. *Id.*

{¶28} The weight of the evidence and the credibility of witnesses is primarily a function for the trier of the fact. *Charles v. Admr., Bur. of Workers' Comp.*, 8th Dist. Cuyahoga No. 71100, 1997 Ohio App. LEXIS 1306, *6 (Apr. 3, 1997). In reviewing a bench trial, an appellate court will uphold the trial court's evaluations unless it appears the record is insufficient to support a reasonable person in concluding as the trial judge did. *Id.* at *7.

{¶29} Upon review, we initially note how this case was postured at the trial court level. In opening statement, counsel for Szulinski represented to the court that the appellants' contention was that Szulinski's injury did not occur within the "zone of employment." Counsel stated to the court that the evidence would demonstrate that Szulinski was in fact injured within the "zone of employment."

{¶30} As to Szulinski's injuries, his counsel further told the court the following in opening statement:

> [Szulinski] does not believe that there is any dispute concerning the injuries that [he] received. The evidence is clear that he received a concussion, post-concussion syndrome and scalp laceration. However, anticipating an objection or disagreement from defense counsel, I have served a subpoena on Linda Derringer, who is the owner of the Ohio Speciality Network who conducted an examination at the specific request of Walter-Haverfield for the employer.[2]

---

[2]Derringer did not testify because the appellants stipulated to the authenticity of Dr. Kurtz's report.

The purpose of the examination was to determine possible medical conditions that [Szulinski] may have sustained from a work injury on January 23rd. This is a seven page document, but the only page, the only sentence that I am concerned with is found on page five that says Mr. Szulinski does suffer from the conditions of concussion, open wound of the scalp and post-concussion syndrome from the slip and fall on January 23rd, 2009.

We submit that that would be an admission by a party opponent through an agent authorized to conduct the IME examination and therefore is admissible.

{¶31} In his opening statement, counsel for the bureau agreed that Szulinski's counsel was "correct," [t]his [case] is relatively simply." The bureau's counsel then outlined for the court how he believed the evidence would show that Szulinski was on a "personal mission" at the time he sustained his injuries. The bureau's counsel made no statement whatsoever to refute Szulinski's contention that the injuries were not in dispute. Counsel for Kellison waived opening statement, and the questioning of the witnesses (Szulinski and Kellison's representative Sharon Crile) were mainly relative to the "zone of employment."

{¶32} Thus, the parties represented to the court that the issue in the case was whether Szulinski was in the "zone of employment" when he was injured, and the questioning of the witnesses was directed toward establishing the parties' position as to that issue. The issue of a compensable medical injury did not come up until the defense moved for a directed verdict at the conclusion of Szulinski's case.

{¶33} We are well aware that opening statements are not evidence, and that the burden of proof rested with Szulinski. But, we find that how the parties framed the issue

for the court's determination is relevant because it ostensibly explains why Szulinski did not present Dr. Kurtz as a witness at trial.[3]  As we previously found, though, the trial court did not abuse its discretion by admitting Dr. Kurtz's report into evidence.   And Dr. Kurtz's report provided competent and credible evidence supporting the trial court's determination that Szulinski suffered a compensable injury, to the extent that his injuries were not obvious.   Thus, the trial court's judgment allowing Szulinski to participate in the workers' compensation fund was supported by competent and credible evidence.

{¶34} In light of the above, the second assignment of error is overruled.

{¶35} Judgment affirmed.

It is ordered that appellee recover of appellants his costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Cuyahoga County Court of Common Pleas to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
TIM McCORMACK, J., CONCUR

---

[3]Presumably the parties framed the issue as they did because the claim was denied at the administrative proceedings by the staff hearing officer because the officer found that Szulinski was "performing a personal errand at the time of the fall * * *."